UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-----------------------------------------------------

NELSON CARRASQUILLO,

                Plaintiff,

                v.

CITY OF CLEVELAND, *et al.*,

                Defendants.

-----------------------------------------------------

CASE NO. 1:10-CV-219

OPINION & ORDER
[Resolving Doc. No. 18]

WILLIAM H. BAUGHMAN, JR., UNITED STATES MAGISTRATE JUDGE:

Defendants City of Cleveland, Clifford Kime, and Virginia Rodriguez move this Court

to dismiss plaintiff Nelson Carrasquillo's complaint for failure to state a claim upon which

relief can be granted.[1/] [Doc. 18.]  The plaintiff opposes the defendants' motion.  [Doc. 27.]

For the following reasons, this Court **DENIES IN PART** and **GRANTS IN PART** the

defendants' motion to dismiss.

## I.  Background

Plaintiff Nelson Carrasquillo brings this suit against the defendants City of Cleveland,

Cleveland police detectives Clifford Kime and Virginia Rodriguez in their official and

individual capacities, and various unnamed Cleveland police officers ("John Does and Jane

Does"). Carrasquillo alleges wrongful arrest and imprisonment under 42 U.S.C. § 1983 and

*Monell v. Department of Social Servs. of New York*, 436 U.S. 658 (1978), as well as under

---

[1/]The defendants do not cite Federal Rule of Civil Procedure 12(b)(6) as the basis for their motion. However, because they allege that the plaintiff fails to set forth sufficient factual allegations to support recovery, this Court considers their motion one to dismiss for failure to state a claim under 12(b)(6) and will treat it accordingly.

Ohio state law. The City of Cleveland, Kime, and Rodriguez move to dismiss all counts of the plaintiff's complaint for failure to state a claim. They also move to dismiss the plaintiff's state law claims as barred by Ohio sovereign immunity statutes.

Carrasquillo's claims arise out of his arrest on February 2, 2009. Although the police arrested 44-year-old Carrasquillo that day, their true suspect was the plaintiff's 17-year-old son, Nelson Carrasquillo, Jr. [Doc. 1 at ¶ 10; Doc. 18 at 2.] Following the arrest, the police detained Carrasquillo for several hours and ultimately released him without charge. [Doc. 1 at ¶ 11.] Carrasquillo claims that the defendants based the arrest on insufficient evidence and inadequate investigation. [*Id.* at ¶ 12, 13.] He also says that at the time of incident, the defendants could not have reasonably believed they had arrested 17-year-old Carrasquillo, Jr. [*Id.* at ¶ 14.]

The defendants City of Cleveland, Kime, and Rodriguez filed a motion to dismiss each of the plaintiff's claims.  The defendants first argue that Carrasquillo's complaint lacks specific factual allegations and instead contains only legal conclusions. The defendants also argue that sovereign immunity and qualified immunity bar the plaintiff's state law claims against them. They say that state tort immunity under Ohio Revised Code § 2744.02(A)(1) precludes Carrasquillo from bringing claims against the City of Cleveland. They add that because Carrasquillo failed to allege wanton or reckless behavior by City employees Kime and Rodriguez, Ohio Revised Code § 2744.03(A)(6) immunizes those defendants from liability under state law as well. [Doc. 18 at 7.]

Carrasquillo argues in his opposition that the facts alleged in his complaint create at least an inference of false arrest and imprisonment sufficient to survive the defendants'

motion to dismiss. Carrasquillo also predicts that the discovery process will reveal facts about the investigation and arrest to support his claims. [Doc. 27 at 5.]

In response to the defendants' sovereign immunity defense, the plaintiff argues that the defendants raise this defense prematurely. Carrasquillo says that exceptions to sovereign immunity for municipal employers and employees apply to his case.

## II. Analysis

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

### A.    Motion to dismiss for failure to state a claim

Because Carrasquillo presents sufficient factual allegations that, taken as true, plausibly support his claims, this Court denies the defendants' motion to dismiss for failure to state a claim.

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S. Ct. at 1949 (citations removed).

-3-

The defendants claim that the plaintiff offers only unsupported legal conclusions in his complaint. The defendants argue that Carrasquillo makes no specific factual allegations regarding alleged deficiencies in the defendants' investigation or unreasonableness in their decision to arrest. They argue that the plaintiff offers no facts regarding: (1) the details of the defendants' investigation, (2) the information available to the defendants at the time of Carrasquillo's arrest, (3) each of the defendant's role up to and during the arrest, and (4) whether a facially valid warrant supported the arrest. [Doc. 18 at 5-6.] Together, according to the defendants, these omissions preclude recovery for failure to state a claim.

Although the plaintiff's complaint sets forth sparse factual allegations, the *Iqbal* standard does not require more to survive a motion to dismiss. The facts Carrasquillo alleges sufficiently support his wrongful arrest and imprisonment claims at this stage of litigation. Carrasquillo correctly points out that much of the information demanded by the defendants' motion rests in their own hands. Without further discovery, this Court will not require the plaintiff to allege with detail the methodology the defendants used to conduct their investigation, the manner by which that investigation unfolded, or the precise role each defendant played in the investigation and arrest. Similarly, this Court will not require detailed factual allegations regarding the existence and validity of an arrest warrant still undisclosed to the plaintiff. Though Rule 8 "does not unlock the doors of discovery", neither does it require plaintiffs to allege facts that only discovery could reveal.

In addition, if this Court accepts Carrasquillo's allegations as true, which it must in evaluating a motion to dismiss for failure to state a claim, it is plausible that the plaintiff has suffered false arrest and imprisonment. The plaintiff states that he was arrested, briefly jailed,

-4-

and released without charge. All parties identify the plaintiff's 17-year-old son as the correct

target of the arrest. According to the plaintiff, he was 44 years old at the time of his arrest.

The plaintiff also says that he repeatedly asserted his innocence during the arrest, [Doc. 1 at

¶ 13], and that he repeatedly identified himself, [Doc. 27 at 5]. Taken as true, these facts

could plausibly suggest either that probable cause did not support the arrest, or that the

defendants incorrectly executed a warrant against someone they could not reasonably mistake

for 17-year-old Nelson Carrasquillo, Jr. *C.f. Howard v. Regional Transit Authority et al., 667*

*F. Supp. 540, 546 (N.D. Ohio 1987)* (Under § 1983, a false arrest or imprisonment action for

mistaken identity "must demonstrate either that the arrest warrant was invalid, or that law

enforcement officers acted unreasonably and failed to properly consider the information

regarding the outstanding warrant . . . .").

This Court therefore denies the defendants' motion to dismiss for failure to plead

sufficient factual allegations supporting false arrest and imprisonment.

**B.      Sovereign immunity under Ohio state law**

*1.      City of Cleveland's Tort Immunity*

Ohio Revised Code § 2744.02 gives immunity to political subdivisions in connection

with the performance of governmental or proprietary functions.  This immunity shields the

defendant City of Cleveland from Carrasquillo's state tort law claims for false arrest and

imprisonment. Section 2744.02 does delineate some narrow exceptions to municipal

immunity from state law claims. Ohio Revised Code § 2744.02(B)(1)-(5). However, none

of these exceptions apply to the plaintiff's case. Furthermore, Carrasquillo's opposition to

the defendants' motion to dismiss focuses solely on exceptions to qualified immunity for

municipal employees, which do not apply to the defendant City of Cleveland, and on exceptions to federal qualified immunity, an issue the defendants do not raise at this time.

Therefore, this Court grants the defendants' motion to dismiss as to the plaintiff's state law claims against defendant City of Cleveland.

*2.       Officers Kime and Rodriguez's Qualified Immunity*

Ohio Revised Code § 2744.03(A)(6)(b) provides qualified immunity to political subdivision employees. When engaged in governmental functions, such employees enjoy immunity from tort liability unless they act "manifestly outside the scope of the employee's employment or official responsibilities" or "with malicious purpose, in bad faith, or in a wanton and reckless manner . . . ." Ohio Revised Code § 2744.03(A)(6)(b).

According to Ohio state courts, "malicious purpose" under § 2744 requires the intent to do injury or to harm another through unlawful or unjustified conduct. *Caruso v. State*, 737 N.E.2d 563, 567 (Ohio Ct. App. 2000). "Bad faith" refers to acts taken with dishonest purposes or the intent to deceive another. *Id*. Finally, acting in a "wanton" manner means a failure to exercise any degree of care, while "recklessness" refers to causing unreasonable risk beyond that required for mere negligence. *Fabrey v. McDonald Village Police Dept.*, 639 N.E.2d 31, 35 (Ohio 1994).

The parties agree that Officers Kime and Rodriguez acted as City of Cleveland employees at all times relevant to this case, bringing the officers within the purview of Ohio's qualified immunity laws. The defendants say Carrasquillo failed to allege that Kime and Rodriguez acted with malice, bad faith, or in a wanton and reckless manner so as to lose their immunity under Ohio law. [Doc. 18 at 8.] Yet Carrasquillo does argue that Kime,

-6-

Rodriguez, and a group of other police officers entered his workplace and arrested him in front of his direct supervisor and co-workers. Carrasquillo says that the officers used force in the arrest. He says that he submitted to the arrest only involuntarily and that he repeatedly protested his innocence.

This Court finds a plausible inference from these allegations that defendants Kime and Rodriguez acted with malice, in bad faith, or in a wanton or reckless manner when they arrested the 44-year-old plaintiff instead of their 17-year-old suspect. It, therefore, denies the defendants' motion to dismiss as to the plaintiff's state law claims against Kime and Rodriguez.

### III. Conclusion

For the reasons above, this Court **DENIES** the defendants' motion to dismiss the plaintiff's § 1983 wrongful arrest and imprisonment claims. Regarding the plaintiff's claims for false arrest and imprisonment under Ohio state law, this Court **GRANTS** the defendants' motion to dismiss as to the City of Cleveland **and DENIES** the defendants' motion to dismiss as against defendants Kime and Rodriguez.

IT IS SO ORDERED.

Dated:   September 27, 2010                    s/ William H. Baughman, Jr.
                                               United States Magistrate Judge